T.C. Summary Opinion 2006-194

UNITED STATES TAX COURT

THOMAS JOSEPH AND JUDITH JANE FORRISTAL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16249-04S.              Filed December 26, 2006.

Thomas Joseph and Judith Jane Forristal, pro sese.

<u>Edward L. Walter</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined an accuracy-related penalty under section 6662(a) against petitioners for the taxable year 2001. The sole issue for decision is whether petitioners are liable for the penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Amelia Island, Florida.

Thomas J. Forristal (petitioner) was a practicing physician in the Cincinnati, Ohio, metropolitan area for 35 years before he retired in 2001. That year petitioner received a $23,800 distribution from a retirement account with UBS PaineWebber. UBS PaineWebber issued petitioner a Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., which listed the $23,800 as a taxable amount. Petitioner received the Form 1099-R in or about February 2002. Petitioners were in the process of moving to Florida at that time.

Petitioners used an accounting firm in Cincinnati to prepare their joint 2001 Federal income tax return. Petitioners provided the accounting firm with information concerning their income for that year, but they failed to provide the Form 1099-R. The return prepared by the accounting firm omitted the $23,800 from

petitioners' income.  Petitioners signed and filed the return in April 2002.

Respondent sent petitioners a notice of proposed adjustments in July 2003, proposing to include the $23,800 in petitioners' income.  The notice also proposed an accuracy-related penalty.  Petitioners agreed to include the $23,800 in income and promptly paid the tax attributable thereto.  Petitioners did not agree to the penalty, however, and respondent issued a notice of deficiency in June 2004, determining a $1,315 penalty under section 6662(a).

## Discussion

A taxpayer is liable for an accuracy-related penalty of 20 percent of any part of an underpayment attributable to negligence or disregard of rules or regulations.  Sec. 6662(a) and (b)(1).  The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return.  Sec. 6662(c); Gowni v. Commissioner, T.C. Memo. 2004-154.  The term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

The accuracy-related penalty does not apply to any part of an underpayment for which there was reasonable cause and with respect to which the taxpayer acted in good faith.  Sec.

6664(c)(1); sec. 1.6664-4(a), Income Tax Regs.  The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability.  Id.

Section 7491(c) places on the Commissioner the burden of producing evidence showing that it is appropriate to impose any penalty or addition to tax.  Once the Commissioner meets that burden, the taxpayer must produce evidence sufficient to show that Commissioner's determination is incorrect.  Higbee v. Commissioner, 116 T.C. 438, 447 (2001).  The Commissioner need not produce evidence relating to defenses such as reasonable cause.  Id. at 446.

Petitioner acknowledges receiving the Form 1099-R but claims that "It got misplaced."  Even if this is true, there is no indication petitioner timely contacted UBS PaineWebber for a replacement Form 1099-R or otherwise informed the accounting firm of the retirement income.  Accordingly, we conclude that respondent has met his burden of production by showing that petitioners failed to exercise ordinary and reasonable care in preparing their 2001 tax return.  See sec. 6662(c); Gowni v. Commissioner, supra.

Petitioners advance four arguments why they meet the reasonable cause and good faith exception to the penalty. First, they contend they relied on the accounting firm to prepare their return. Reliance on a return preparer may relieve a taxpayer from the accuracy-related penalty where the taxpayer's reliance is reasonable. ASAT, Inc. v. Commissioner, 108 T.C. 147, 176 (1997). Reliance upon expert advice, however, will not exculpate a taxpayer who supplies the return preparer with incomplete or inaccurate information. Id.; InverWorld, Inc. v. Commissioner, T.C. Memo. 1996-301. Because petitioners failed to provide the accounting firm with the Form 1099-R, this exception to the accuracy-related penalty does not apply.

Second, petitioners may be arguing that it was reasonable to misplace the Form 1099-R during the upheaval caused by their move to Florida in the spring of 2002. Even if the Form 1099-R was misplaced, unavailability of information does not constitute reasonable cause. Crocker v. Commissioner, 92 T.C. 899, 913 (1989). This is true even if the taxpayer does not receive an information document such as a Form 1099-R. See Goode v. Commissioner, T.C. Memo. 2006-48; Brunsman v. Commissioner, T.C. Memo. 2003-291 (taxpayer did not need to receive a Form 1099 to be alerted that he received income). Petitioners received the Form 1099-R and were aware of the need to report the retirement

income on their return.  Misplacing the Form 1099-R does not constitute reasonable cause.

Third, petitioners argue they have been accurately filing returns and paying their taxes for 55 years.  While petitioners' history of compliance is admirable, it does not explain why they failed to report the retirement income shown on the Form 1099-R.

Finally, petitioners contend that respondent is estopped from determining an accuracy-related penalty.  After respondent issued the notice of proposed adjustments in July 2003, respondent sent petitioners a letter in December 2003 titled "Statement of Account", which indicated petitioners were owed a $92.77 refund for 2001.  Petitioners argue that the December 2003 letter precluded respondent from later issuing the notice of deficiency.

Equitable estoppel is a judicial doctrine that precludes a party from denying his own acts or representations which induced another to act to his detriment.  Hofstetter v. Commissioner, 98 T.C. 695, 700 (1992).  It is well settled, however, that the Commissioner cannot be estopped from correcting a mistake of law, even where a taxpayer may have relied to his detriment on that mistake.  Norfolk S. Corp. v. Commissioner, 104 T.C. 13, 59-60 (1995), affd. 140 F.3d 240 (4th Cir. 1998).  An exception exists only in the rare case where a taxpayer can prove he or she would suffer an unconscionable injury because of that reliance.  Id.

The following conditions must be satisfied before equitable estoppel will be applied against the Government: (1) A false representation or wrongful, misleading silence by the party against whom the opposing party seeks to invoke the doctrine; (2) an error in a statement of fact and not in an opinion or statement of law; (3) ignorance of the true facts; (4) reasonable reliance on the acts or statements of the one against whom estoppel is claimed; and (5) adverse effects of the acts or statements of the one against whom estoppel is claimed. Id.

Petitioners have not shown that they relied to their detriment on the December 2003 letter or that they suffered unconscionable injury. Accordingly, respondent is not estopped from determining the accuracy-related penalty. Respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered for respondent.